IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA., ex rel., USN4U, LLC, | ) ) ) | CASE NO. 1:17-cv-0558 |
| Relator, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) ) | |
| WOLF CREEK FEDERAL SERVICES, et al., | ) ) ) | **ORDER** |
| Defendants. | | |

I.  Introduction

This matter comes before the Court on the United States' motion to intervene and dismiss Relator's second amended complaint.  ECF Doc. 69.  This *qui tam* action has been pending for seven and a half years.  Relator—an LLC created by Defendant's former employee for the sole purpose of investigating this case—has, according to the United States, discovered little evidence of fraud.  The U.S. has now moved to intervene and dismiss.  For good cause shown, the Court GRANTS the United States' motion to intervene and DISMISSES the case, without prejudice to re-filing by the U.S., pursuant to 31 U.S.C. § 3730(c)(2)(a).  The Court's decision is further explained below.

II.  Brief Summary of Case[1]

Relator, USNRU, LLC, filed this *qui tam* action on March 17, 2017.  ECF Doc. 1. Relator contends Defendants made false claims when securing a Government contract to repair

---

[1] Prior orders by this Court and the Court of Appeals contain more detailed accounts of the facts and procedural history.  See e.g., ECF Doc. 42 and ECF Doc. 46.  For purposes of this motion, the Court's recitation of the facts and case are brief.

1

and maintain NASA's Glen Research Center facility. ECF Doc. 30. After investigating the matter², the U.S. declined to intervene at the outset of the case. On November 3, 2020, the Court granted Defendants' motion to dismiss for failure to state a claim (ECF Doc. 42), but the Court's decision was later reversed on appeal. ECF Doc. 46.

Following remand, the Court issued a litigation schedule and the parties conducted discovery. On August 23, 2023, Defendants filed a motion to dismiss and to disqualify Relator Doug Warren for breaching the seal requirements of 31 U.S.C. § 3730(b)(2). ECF Doc. 55. The Relator and the U.S. responded, and Defendants replied. ECF Doc. 56, ECF Doc. 59 and ECF Doc. 60. Following an evidentiary hearing, the Court denied Defendants' motion to dismiss and took their motion to disqualify under advisement. See October 4, 2023 minutes of proceedings.

Based on the testimony during the hearing, the Court had serious concerns as to whether the Relator should continue to act as a representative for the U.S. in this lawsuit. *Id.* For this reason, the Court asked the Government to consider taking over the case and ordered it to notify the Court of its decision by November 3, 2023. *Id.* The Court did not, and could not order the U.S. to intervene in the case. *See* ECF Doc. 69-1 at n 1. Had the U.S. continued to decline to intervene, the Court would have proceeded to rule on Defendants' motion to disqualify the Relator. However, the U.S. decided to file a motion to intervene—the motion currently before the Court.

---

² Relator contends the U.S. has not sufficiently investigated this matter, but there is no reason to doubt the U.S.' representations to the contrary. As already noted, this matter has been pending for seven and a half years. The U.S. has been involved with the case since its commencement.

III.      Law & Analysis

    A. Motion to Intervene

31 U.S.C. § 3730(c)(3) provides,

> If the Government elects not to proceed with the action, the [relator] shall have the right to conduct the action. . . . When [the relator] proceeds with the action, the court, without limiting the status and rights of the [relator], may nevertheless permit the Government to intervene at a later date upon a showing of good cause.

Showing "good cause" in this context is not burdensome. *Polansky v. Exec. Health Res.* 17 F.4th 376, 387 (3rd Cir. 2021), *aff'd* 599 U.S. 419, 143 S. Ct 1720 (2023); *See also, United States ex rel. CIMZNHCA, LLC v. UCB, Inc.*, 970 F.3d 835, 848-849 (7th Cir. 2020). It is a "uniquely flexible and capacious concept," meaning simply a "legally sufficient reason," *Id*. at 846 (quoting *Good Cause v. Cause*, Black's Law Dictionary 101 (4th pocket ed. 2011)), and it is a standard the Government routinely satisfies to extend its time to investigate the relator's case under § 3730(b)(3). See 31 U.S.C. § 3730(b)(3) (allowing Government to extend the time it has to decide whether to proceed with the action upon "good cause shown"). Indeed, the Supreme Court recognized that the Government always has the predominant interest in a qui tam case. *Polansky,* 143 S. Ct. at 1733.

    Here, for good cause the U.S. contends that discovery has cast doubt on the Relator's ability to prove any False Claims Act violations against Defendants. Many of the Relator's allegations and his expert's opinions have been challenged by the testimony of the NASA employees who were deposed in this case. For example, Relator argues that NASA employees did not adequately review Defendants' proposals, but the NASA employees described a lengthy review process for the approval of the proposals. And the U.S. correctly questions the ability of Relator's expert to refute this because he was not involved in NASA's review process. *See* ECF Doc. 69-1 at 7. The U.S. also shares the concerns of the Court regarding Relator's credibility;

3

his testimony during the October 4, 2023 hearing was "vague, evasive and contradictory." *Id.* The U.S. does not want to devote any more resources to the case given the unlikelihood of Relator's success. *Id.* Recognizing that the U.S. has a predominant interest in this case, the Court finds it has shown good cause to intervene.

### B. Motion to Dismiss

31 U.S.C. § 3730(c)(2)(A) provides:

> The Government may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.

Here, the Government has moved to dismiss and Relator has responded. The Court notes that the Relator did not request a hearing and further that any hearing on this matter would not likely have added anything to the detailed recitation of the evidence contained in the briefs filed by the Relator, the U.S. and Wolf Creek.

In *Polansky*, the U.S. Supreme Court held that the Court should apply the Fed. R. 41(a)(2) standard to motions to dismiss *qui tam* actions if an answer has already been filed. *Polansky,* 143 S. Ct. at 1733. Fed. R. Civ. P. 41(a)(2) permits dismissal at plaintiff's request, only by court order, on terms the Court considers proper. Here, the U.S. has fully explained why it seeks dismissal of Relator's claims – a lack of evidence and unlikelihood of success on the merits, plus the burden on the U.S. should this case continued. The U.S. has also requested that the case be dismissed against the U.S. without prejudice and the Relator with prejudice. The Court finds that these terms are proper. If the U.S. later determines that Defendants submitted false claims against the U.S., it will not be precluded from re-filing the action.

Relator objects to the dismissal, in large part because he does not think that the Government will incur significant additional costs in continuing to "monitor" his case. But the

4

Government has now intervened and would be taking the lead role in prosecuting this case. The purpose of the FCA is to prevent fraudulent claims against the Government, not to encourage fishing expeditions against Government contractors by former employees. During years of discovery Plaintiff has not been able to uncover enough evidence to convince the Government that any significant violations of the FCA actually took place. His case relies largely on his expert who has reviewed Defendants' materials and believes it could have performed its tasks for NASA more efficiently. But the Government questions the basis of the opinion of Plaintiff's expert and merits NASA employees who testified that Wolf Creek's proposals underwent rigorous review.

The U.S. has conducted its own investigation and has been monitoring this case all along. It should not be required to prosecute or even continue "monitoring" this seven year old case, which seems unlikely to result in any significant award. Moreover, the Relator's credibility has been called into question by the allegations in Defendants' motion to disqualify and his evasive answers during the evidentiary hearing. The Court agrees with the Government that a dismissal of this case is proper in accordance with Fed. R. Civ. P. 41(a)(2).

**IV.  Conclusion**

For the reasons stated herein, the U.S.' motion to intervene and dismiss (ECF Doc. 69) is GRANTED, without prejudice to re-filing by the U.S. The dismissal of this action renders moot both Defendants' motion to disqualify (ECF Doc. 55) and Relator's motion for partial summary judgment. ECF Doc. 68.

Dated: December 7, 2023                                     *s/Dan Aaron Polster*
                                                                              United States District Judge